## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS JAMES HUNTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-702** |
| **WARDEN DEAR** | **SECTION: "M"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record,[1] the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE as time-barred**.

### I. State Court Factual and Procedural Background

Petitioner, Thomas James Hunter, is a state prisoner incarcerated at the Madison Parish Correctional Center in Tallulah, Louisiana. On September 25, 2015, Hunter was charged by a bill of information with possession with the intent to distribute cocaine, hydrocodone and heroin in violation of La. Rev. Stat. §§ 40.967(B)(1) and 966(A)(1).[2] On September 29, 2015, Hunter entered a plea of not guilty.[3] On March 31, 2016, Hunter pled guilty as charged, and the trial court

---

[1] The state electronically filed the state court record at Rec. Doc. 23 in parts 23-1, 23-2, 23-3 and 23-4.
[2] Rec. Doc. 23-1 at 1-2, Bill of Information dated September 25, 2015.
[3] Rec. Doc. 23-1 at 101, arraignment minutes of September 29, 2015.

sentenced Hunter to twenty-five years at hard labor, suspended, and five years of active probation.[4]

Hunter did not appeal his conviction and sentence.  On April 29, 2016, Hunter's probation officer

filed a motion and order for hearing to revoke probation.[5]  On June 22, 2017, the state filed a

motion for violation hearing and to revoke probation.[6]  On March 28, 2019, Hunter, through

counsel, admitted to the allegations of violating his probation, and the state district court revoked

his probation and sentenced him to twenty-five years at hard labor.[7]  Hunter was not entitled to

appeal the revocation of his probation.  State ex rel. Clavelle v. State, 861 So. 2d 186, 187 (La.

2003) ("No appeal lies from an order revoking probation." (citing State v. Manuel, 349 So.2d 882

(La. 1977)).

On July 25, 2022, Hunter filed a motion to correct illegal sentence.[8]  On September 19,

2022, the state district court denied the motion.[9]  On February 2, 2023, the Louisiana Fourth Circuit

Court of Appeal denied Hunter's related writ application on the showing made as he "failed to

articulate any grounds upon which the terms of his current sentence are illegal or not in compliance

with La. C.Cr.P. 893."[10]  On May 31, 2023, the Louisiana Supreme Court denied Hunter's writ

application without assigning reasons.[11]

---

[4] Rec. Doc. 23-1 at 91-92, guilty plea and sentencing minute entry of March 31, 2016; id. at 15, Felon Waiver of Constitutional Rights Plea of Guilty Form dated March 31, 2016; id. at 18, Sentence of the Court dated March 31, 2016.

[5] Rec. Doc. 23-1 at 14, Motion and Order for Hearing to Revoke Probation filed April 29, 2016.

[6] Rec Doc. 23-1 at 7-9, Motion for a Violation Hearing and to Revoke Probation filed June 22, 2016; id. at 65, minute entry of June 22, 2017.

[7] Rec. Doc. 23-1 at 3, Affidavit to Represent In Absentia filed March 28, 2019; id. at 41, revocation minute entry of March 28, 2019.

[8] Rec. Doc. 23-2 at 15-18, Motion to Correct Illegal Sentence filed July 25, 22; id. at 21, docket master entry of July 25, 2022; id. at 22, minute entry of July 25, 2022.

[9] Rec. Doc. 23-2 at 30, minute entry of September 19, 2022.

[10] Rec. Doc. 23-2 at 1, La. 4th Cir Order, 2023-K-0036, February 3, 2023; id. at 2-30, Writ Application, 2023-K-0036, filed January 18, 2023.

[11] State v. Hunter, 361 So. 3d 462 (La. 2023); Rec. Doc. 23-3 at 1; id. at 2-19, Writ Application, 23 KH 0320, postmarked February 17, 2023.

On June 15, 2023, Hunter refiled his motion to correct illegal sentence.[12]  On October 20, 2023, the state district court denied the motion.[13]

On June 22, 2023, Hunter sought review of his motion to correct sentence from the Louisiana Department of Public Safety and Corrections Services.[14]  On September 15, 2023, a corrections specialist found that Hunter's conviction was valid.[15]

On October 10, 2023, Hunter filed a civil rights action, in part requesting that his conviction be overturned.[16]  On April 30, 2024, Hunter's § 1983 claims were dismissed with prejudice as frivolous, for failure to state a claim for which relief can be granted and otherwise for seeking relief against an immune defendant.[17]  His request to have his conviction overturned was dismissed without prejudice.[18]

In the interim, Hunter filed an application for writ of habeas corpus in state court on January 19, 2024.[19]  The state district court denied the application on January 30, 2024.[20]  On March 15, 2024, the Louisiana Supreme Court granted Hunter's motion to dismiss his related writ application.[21]

On April 26, 2024, Hunter filed the instant federal application seeking habeas corpus relief.[22]  Hunter appears to claim that his sentence is illegal.

---

[12] Rec. Doc. 23-1 at 39, docket master entry of June 15; 2023; see Rec. Doc. 23-4 at 12, Order dated January 30, 2024 (noting that Hunter refiled a motion to correct illegal sentence on June 15, 2023).

[13] Rec. Doc. 23-1 at 40, Docket Master entry of October 20, 2023; see Rec. Doc. 23-4 at 12, Order dated January 30, 2024.

[14] See Rec. Doc. 6 at 6.

[15] Id.

[16] Hunter v. Davillier, et al., 2:23-cv-6032-BWA-KWR; Rec. Doc. 23-4 at 11, docket sheet dated January 10, 2024.

[17] Id. at Rec. Doc. 11.

[18] Id.

[19] Rec. Doc. 23-4 at 13-32, Writ of Habeas Corpus filed January 19, 2024.

[20] Rec. Doc. 23-4 at 12, State District Court Order dated January 30, 2024.

[21] Rec. Doc. 23-4 at 1, La. S. Ct. Order, 2024-KH-00322, dated March 15, 2024; id. at 2-3, letter postmarked March 11, 2024; id. at 8-34, Writ Application, 24-KH-0322, dated March 12, 2024.

[22] Rec. Doc. 6.

On September 6, 2024, the state filed its response arguing that the application should be dismissed as untimely.[23]  The state alternatively claims that Hunter's claim is not cognizable on habeas review and his claim is not exhausted.[24]  Hunter did not file a traverse to that response.  For the following reasons, the Court finds that the application is indeed untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In its response, the state argues that Subsection A is controlling in the instant case.[25] Regarding that subsection, the United States Fifth Circuit Court of Appeals has explained:

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[23] Rec. Doc. 22.
[24] Id. at 6-9, 12-15.
[25] Rec. Doc. 22 at 10.

> review." 28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief
> on direct appeal through his state's highest court, his conviction becomes final
> ninety days after the highest court's judgment is entered, upon the expiration of
> time for filing an application for writ of certiorari with the United States Supreme
> Court.  <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003).

<u>Butler v. Cain</u>, 533 F.3d 314, 317 (5th Cir. 2008).

The state asserts that Hunter had one year from May 1, 2016 to seek federal habeas review of his March 31, 2016 conviction and sentence.[26]  To the extent that Hunter is challenging his March 31, 2016 conviction and sentence and not the revocation of his probation,[27] the AEDPA statute of limitations runs from the finality of the challenged conviction.  <u>Romious v. Louisiana</u>, Civ. Action No. 16-3113, 2016 WL 8309675, at *8 (E.D. La. Oct. 20, 2016) (citations omitted), <u>adopted</u>, 2017 WL 699814 (E.D. La. Feb. 22, 2017).  Hunter was sentenced on March 31, 2016 and had thirty days, until May 2, 2016, to seek reconsideration of the sentence or move for leave to appeal his conviction.[28]  La. Code Crim. P. art. 914; <u>Butler v. Cain</u>, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003)).  The one-year statute of limitations began to run from that date and expired May 2, 2017, nearly seven years before Hunter filed his federal habeas petition, unless the deadline was extending through tolling.

However, as noted, the state district revoked Hunter's probation on March 28, 2019.  Thus, to the extent that Hunter is challenging the revocation process and sentence, the AEDPA one-year limitations period began to run from that date and ran on March 30, 2020.[29]  <u>Romious</u>, 2016 WL

---

[26] Rec. Doc. 22 at 10.

[27] Hunter lists in his petition March 31, 2016 as the date of the judgment of conviction. Rec. Doc. 6 at 1.  Additionally, in ground one he states, "I was sentence [sic] 25 years suspended with the multi-bill and five years active probation." <u>Id.</u> at 8.

[28] The final day was Saturday, April 30, 2016.  As a result, Hunter had until the following business day, Monday, May 2, 2016 to file a notice of appeal.  <u>See</u> La. Code Crim. P. art. 13.

[29] Because the three hundred and sixty-fifth day of the limitations period fell on a Saturday, petitioner's deadline was extended until Monday, March 30, 2020.  <u>See</u> <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed. R. Civ. P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R.

8309675, at *11 ("the AEDPA statute of limitations commences from the revocation that caused the petitioner to return to prison). But, again, Hunter did not file his habeas petition until April 26, 2024, and his application must be dismissed as untimely unless the statute of limitations period was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Hunter's one-year filing period as to his March 31, 2016 conviction ran uninterrupted from May 2, 2016 until May 2, 2017, when it expired. Hunter had no properly filed state post-conviction or other collateral review pending in any court during that period.

After his March 28, 2019 revocation proceeding, Hunter did not file his first motion to correct illegal sentence until July 25, 2022, more than two years after the statute of limitations to challenge his probation revocation expired. The one-year federal limitations period as to his probation revocation continued to run uninterrupted and expired on March 30, 2020.

Hunter's first motion to correct illegal sentence was filed with the state district court on July 25, 2022, years after the one-year federal limitations periods for his March 31, 2016 conviction and his March 28, 2019 sentence upon revocation had already expired, and therefore that motion and the motions filed thereafter could not possibly afford him any tolling benefit. See Madden v. Thaler, 521 F. App'x 316, 320 (5th Cir. 2013); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99–3867, 2000 WL 1023423, at *4 (E.D. La. Jul. 24, 2010) (citing Williams v. Cain, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)),

---

Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

aff'd, 253 F.3d 702 (5th Cir. 2001).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll."  Butler, 533 F.3d at 318.

The Court next considers equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  That said, a petitioner bears the burden of proof to establish entitlement to equitable tolling, Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002), and, frankly, "equitable tolling is unavailable in most cases...."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  Specifically, "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing."  Holland, 560 U.S. at 649 (emphasis added; internal quotation marks omitted).  "[E]quitable tolling applies principally where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way."  Jones v. Lumpkin, 22 F. 4th 486, 490 (5th Cir. 2022) (citations omitted).  Regarding the two prongs of the Holland test, the United States Supreme Court has explained:

> [W]e have expressly characterized equitable tolling's two components as "elements," not merely factors of indeterminate or commensurable weight.  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements").  And we have treated the two requirements as distinct elements in practice, too, rejecting requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other.  See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-337, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (rejecting equitable tolling without addressing diligence because habeas petitioner fell "far short of showing 'extraordinary circumstances' ");  Pace, supra, at 418, 125 S.Ct. 1807 (holding, without resolving litigant's argument that he had "satisfied the extraordinary circumstance test," that, "[e]ven if we were to accept [his argument], he would not be entitled to relief because he has not established the requisite diligence").

Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 256 (2016).[30]  Here, Hunter has not met either prong.

In the instant case, Hunter brought forth no evidence whatsoever demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.  He has shown no extraordinary circumstance that stood in his way and prevented him from timely filing his habeas petition.

Hunter also cannot meet the "diligence" prong of the Holland analysis.  Regarding the diligence requirement, a petitioner need not show that he exercised the "maximum feasible diligence;" rather, "[t]he diligence required for equitable tolling purposes is reasonable diligence." Holland, 560 U.S. at 563 (quotation marks omitted).  Nonetheless, the undersigned cannot say that Hunter exercised even reasonable diligence in this case for the following reasons.

Hunter waited more than five years after he was sentenced on the underlying conviction and three years after his probation was revoked before he filed a motion to correct an illegal sentence. Simply put: "[e]quity is not intended for those who sleep on their rights."  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quotation marks omitted).

Lastly, the Court notes that a petitioner can overcome the AEDPA's statute of limitations by asserting a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013).  In McQuiggin, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[ v. Delo, 513 U.S. 298 (1995) and House[ v. Bell, 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations."  McQuiggin, 569 U.S. at 386.

---

[30] Menominee Indian Tribe was not a habeas corpus case.  However, its equitable tolling discussion is expressly based on the Supreme Court's interpretation of Holland; therefore, the reasoning therein is applicable to habeas cases.  See, e.g., Brian R. Means, Federal Habeas Manual § 9A:83 (June 2024 Update).

Hunter does not argue that he is actually innocent of the crime for which he pled guilty and was convicted. Nor does he present any **new evidence whatsoever** to establish his innocence. Accordingly, he has not met "the threshold requirement" for McQuiggin to apply. McQuiggin, 569 U.S. at 386.

Because Hunter is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that he is actually innocent, his federal application for habeas corpus relief had to be filed no later than May 2, 2017 as to his March 31, 2016 conviction and sentence and March 30, 2020 as to the revocation of his probation, in order to be timely. Because his application was filed April 26, 2024, it was untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Thomas James Hunter be **DISMISSED WITH PREJUDICE as untimely**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __1st__ day of November, 2024.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

9